ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Jan-28 16:21:47
60CV-20-861
C06D12 : 9 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### CIVL DIVISION

DAVID JONES and LEAH JONES          **PLAINTIFFS**

v.             CASE NO. _____

CINEMARK USA, INC. d/b/a RAVE THEATER          **DEFENDANT**

### COMPLAINT

COME NOW Plaintiffs, David Jones and Leah Jones, by and through their attorneys of record, Harold F. Cook and Whitney M. Cossio of COOK & COSSIO, and for their cause of action against Defendant Cinemark USA, Inc. d/b/a Rave Theater state as follows:

### I. JURISDICTION AND VENUE

1. This claim is brought pursuant to this Court's jurisdiction over personal injury claims for negligence as granted by A.C.A. § 16-13-201. Plaintiffs have suffered losses and damages within the jurisdictional amount required for federal court jurisdiction.

2. Venue is proper pursuant to A.C.A. § 16-60-101, et seq., given that the incident complained of herein occurred in Pulaski County, Arkansas.

### II. PARTIES TO THE CLAIM

3. At all times relevant to this cause of action, Plaintiff David Jones (hereinafter "Plaintiff "or "Mr. Jones") was a resident of the State of Arkansas.

4. At all times relevant to this cause of action, Plaintiff Leah Jones (hereinafter "Plaintiff" or "Mrs. Jones") was a resident of the State of Arkansas.

5. At all times relevant to this cause of action, Defendant Cinemark USA, Inc. d/b/a Rave Theater (hereinafter "Defendant Rave") was a domestic for-profit business registered to do business in the State of Arkansas and can be served with process via its registered agent as follows:

EXHIBIT 2

Corporation Service Company
Cinemark USA, Inc. d/b/a Rave Theater
300 S. Spring Street, Suite 900
Little Rock, AR 72201

6.      Plaintiffs allege that Act 649 of 2003 violates the Constitution of the State of

Arkansas. Specifically, the limits on punitive damages codified at A.C.A. § 16-55-208 are an

unconstitutional infringement on a Plaintiffs' right to recover appropriate damages. Pursuant to

the requirements of A.C.A. § 16-111-106, the Attorney General of the State of Arkansas shall be

served with a copy of this proceeding and can be served with process at:

Honorable Leslie Rutledge
Office of the Attorney General of Arkansas
323 Center Street, Suite 200
Little Rock, AR 72201

## III. STATEMENT OF FACTS

7.      On or about June 7, 2017, at approximately 10:20 p.m., Mr. Jones and Mrs. Jones

were business invitees of Defendant Rave located at 18 Colonel Glenn Plaza Drive, Little Rock,

Pulaski County, Arkansas.

8.      Upon arrival at the movie theater, Plaintiffs parked their vehicle in a designated

parking space and began walking toward the entrance into the building.

9.      As Plaintiffs were walking up the stairs toward the front entrance of the movie

theater, unknown and unidentified individual(s) loitering in Defendant Rave's parking lot

discharged firearms in the direction of Plaintiffs.

10.     After being struck in the right hip area by one of the bullets, Mr. Jones pushed Mrs.

Jones to the ground to shield her from injury, drew his concealed handgun, and began returning

fire toward the individuals shooting at him from Defendant Rave's parking lot.

Complaint
*Jones, et al. v. Cinemark*
Page 2 of 9  .

## EXHIBIT 2

11.     Following the shooting, Mr. Jones received emergency medical treatment and was transported to Baptist Health Medical Center in Little Rock.

## IV. NEGLIGENCE OF DEFENDANT RAVE

Plaintiffs hereby incorporate by reference all previous paragraphs as if fully set forth herein and further assert for their cause of action the following particulars:

12.     At all times prior to and during the incident forming the basis of this lawsuit, Defendant Rave was the owner and/or occupier of the premises described herein and held itself out as a business entity inviting members of the public to its premises.

13.     Plaintiffs were patrons and business invitees of Defendant Rave whose patronage benefited Defendant Rave.

14.     Defendant Rave breached the duty owed to Plaintiffs by failing to use ordinary care and exercise reasonable diligence to maintain and secure the premises in a reasonably safe condition on the date of the incident forming the basis of this lawsuit.

15.     Defendant Rave breached the duty owed to Plaintiffs by failing to exercise reasonable diligence and ordinary care to discover and prevent acts of violence as suffered by Plaintiffs on the date of the incident forming the basis of this lawsuit.

16.     Defendant Rave breached the duty owed to Plaintiffs by failing to exercise reasonable diligence and ordinary care to render assistance to Plaintiffs in order to prevent injury on the date of the incident forming the basis of this lawsuit.

17.     Defendant Rave knew, or should have known by the exercise of reasonable care and diligence from a reasonably prudent person perspective, that the probability of a harmful event was foreseeable and likely to happen if reasonable steps were not implemented to prevent the occurrence of a similar incident as the one forming the basis of this lawsuit.

EXHIBIT 2

18.    The negligent, careless, and reckless acts and omissions of Defendant Rave consisted of one or more of the following:

a.  Defendant Rave failed to employ, maintain, and assign appropriate safety and security personnel to prevent injury to Plaintiffs;

b.  Defendant Rave failed to employ, maintain, and assign adequate employee staffing and training to prevent injury to Plaintiffs;

c.  Defendant Rave failed to maintain and provide adequate safety and security policies, procedures, and programs to prevent injury to Plaintiffs;

d.  Defendant Rave failed to exercise proper oversite, direction, supervision, and control of its safety and security policies, procedures, and programs to assure Plaintiffs were adequately and properly protected from injury;

e.  Defendant Rave failed to properly and adequately deploy safety and security personnel on its premises to prevent injury to Plaintiffs;

f.  Defendant Rave failed to exercise proper oversite, direction, supervision, and control over safety and security policies, procedures, and personnel to prevent injury to Plaintiffs;

g.  Defendant Rave failed to warn Plaintiffs of the unsafe conditions on the premises it owned and/or controlled;

h.  Defendant Rave knew, or should have known, that events similar to the one that caused Plaintiffs' injuries had previously and recently occurred on the premises it owned and/or controlled, or in close proximity;

i.  Defendant Rave knew, or should have known, under the totality of circumstances that the nature, condition, location, and proximity of its premises

Complaint
*Jones, et al. v. Cinemark*
Page 4 of 9

EXHIBIT 2

to prior similar incidents made Plaintiffs' injuries foreseeable; and

j.  Defendant Rave knew, or should have known, that in the thirty-six (36) months preceding the incident forming the basis of this lawsuit, the City of Little Rock, Arkansas Police Department and Pulaski County Sheriff's Office received, reported, and/or responded to One Hundred Fifty-Five (155) known requests for police service and crimes on the premises it owned and/or controlled, including, but not limited to:

   i.     Eleven (11) assault and battery calls;

   ii.    Four (4) terroristic threat calls;

   iii.   One (1) aggravated robbery call;

   iv.    Four (4) harassment calls;

   v.     Ten (10) intoxication, disturbance, suspicious/loitering person calls/arrests;

   vi.    Twenty-seven (27) theft calls;

   vii.   Eight (8) burglary of motor vehicle calls;

   viii.  One (1) firearm possession call;

   ix.    Seven (7) criminal mischief calls; and

   x.     Two (2) warrant and drug possession calls.

k.  Defendant Rave knew, or should have known, that in the thirty-six (36) months preceding the incident forming the basis of this lawsuit, the City of Little Rock, Arkansas Police Department received, reported, and/or responded to Two-Thousand Two-Hundred Seventy-Eight (2,278) known requests for police service and crimes in the contiguous areas adjoining the premises it owned

Complaint
*Jones, et al. v. Cinemark*
Page 5 of 9

EXHIBIT 2

and/or controlled, including, but not limited to:

    i.      Thirty-three (33) assault and/or battery calls;

    ii.     Twenty-seven (27) terroristic threat calls;

    iii.    Six (6) aggravated robbery calls;

    iv.    Six (6) sexual assault calls;

    v.     Forty-nine (49) disturbance calls;

    vi.    Twenty-nine (29) suspicious person calls;

    vii.   Nine (9) shots fired calls;

    viii.  One hundred forty-eight (148) theft calls;

    ix.    Sixty-four (64) burglary of motor vehicle calls; and

    x.     Fifty-nine (59) criminal mischief calls.

19.    Defendant Rave knew, or should have known, in the thirty-six (36) month period preceding the incident forming the basis of this lawsuit, that the criminal activity on the premises it owned, and on the contiguous commercial business locations within close proximity, that a similar incident such as the one involving Plaintiffs would occur if adequate and appropriate safety, security, and protection programs, policies, and procedures were not implemented and maintained.

20.    Defendant Rave failed by omission to exercise proper oversite, direction, and control and failed to implement and maintain an adequate incident/occurrence reporting system and/or policies and procedures which would have identified the inherent risk to business invitees and guests that a harmful event was foreseeable and likely to happen if reasonable steps were not implemented to prevent the occurrence of a similar incident as the one forming the basis of this lawsuit.

21.    Each and every, all and singular, of the foregoing acts and omissions on the part of

EXHIBIT 2

Defendant Rave taken separately and/or collectively constitute a direct and proximate cause of the injuries and damages suffered by Plaintiffs as set forth herein,

22.    The negligence of unknown employees and staff of Defendant Rave for failing to use reasonable care to prevent the injury to Plaintiffs, taken separately and/or collectively, constitute a direct and proximate cause of the damages suffered by Plaintiffs and is imputed to Defendant Rave as they were acting within the scope of their employment. To the extent necessary, Plaintiffs hereby invoke the doctrine of *respondeat superior*.

## V. DAMAGES

Plaintiffs hereby incorporate by reference all previous paragraphs as if fully set forth herein and further assert for their cause of action the following statutory damages in the following particulars:

23.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff David Jones has sustained, and will continue to sustain, damages including, but not limited to the following:

> a. Reasonable and necessary medical care and expenses in the past, incurred in Pulaski, Jefferson, and Garland counties for the necessary care and treatment of his injuries;
>
> b. Reasonable and necessary medical care and expenses in the future;
>
> c. Physical pain and suffering in the past;
>
> d. Physical pain and suffering in the future;
>
> e. Mental anguish in the past;
>
> f. Mental anguish in the future;
>
> g. Pecuniary loss; and

EXHIBIT 2

h. Loss of consortium.

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Leah Jones has sustained, and will continue to sustain damages including, but not limited to the following:

a. Reasonable and necessary medical care and expenses in the past, incurred for the necessary care and treatment of her injuries;

b. Reasonable and necessary medical care and expenses in the future;

c. Mental anguish in the past;

d. Mental anguish in the future;

e. Pecuniary loss; and

f. Loss of consortium.

25. By reason of the aforementioned, Plaintiffs incurred these losses, expenses, and damages as a direct result of the conduct of Defendant Rave in an amount to be proven at trial.

## VI. EXEMPLARY DAMAGES

26. When viewed from the standpoint of Defendant Rave at the time of the acts and omissions, its conduct involved an intentional disregard of the known risk and danger to visitors, guests, and patrons considering the occurrence of recent similar acts of violence as identified herein and as suffered by Plaintiffs.

27. Defendant Rave had actual subjective awareness of the risks involved in intentionally disregarding the known danger to visitors, guests, and patrons of its business by intentionally, recklessly, and knowingly omitting incident reporting and disregarding prior acts of violence which placed Plaintiffs' health, safety, and welfare in jeopardy.

Complaint
*Jones, et al. v. Cinemark*
Page 8 of 9

EXHIBIT 2

28.    Defendant Rave had actual, subjective awareness of the risk involved in the aforementioned acts and omissions by failing to assess the risk of a foreseeable crime, maintain adequate safety, security, and crime prevention measures, and failing to protect the rights, safety, and welfare of Plaintiffs.

29.    As a result of Defendant Rave's willful, wanton, grossly negligent, and consciously indifferent conduct, Plaintiffs are seeking exemplary damages in an amount to be determined at trial.

## VII. JURY DEMAND

30.    Plaintiffs respectfully demand a trial by jury.

WHEREFORE, Plaintiffs pray for judgment against Defendant Rave; that Plaintiffs be awarded post-judgment interest at the maximum rate allowed by law; that Plaintiffs be awarded costs of court, expenses, and attorneys' fees; and that Plaintiffs be granted all other legal and equitable relief to which they may be entitled.

Respectfully submitted,

COOK & COSSIO
620 W. 3rd Street, Suite 404
Little Rock, AR 72227
Phone: (501) 255-1500
Fax: (501) 255-1116

/s/Harold F. Cook
Harold F. Cook, AR Bar No. 99118
Whitney M. Cossio, AR Bar No.2014155
*Attorneys for Plaintiffs*

Complaint
*Jones, et al. v. Cinemark*
Page 9 of 9

EXHIBIT 2